

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MERHAWI FISSEHAYE,

               Petitioner,

v.

WARDEN OF GOLDEN STATE ANNEX,

               Respondent.

No. 1:26-cv-00682-DJC-DMC

<u>ORDER</u>

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 4)) seeking release from the custody of Immigration and Customs Enforcement ("ICE"). Petitioner raises claims that are functionally identical to those this Court has already addressed in prior orders. Petitioner entered the country in 2023, and he was detained after entry. (Pet. ¶ 19; Mot. at 2.) He was later released from custody. (Mot. at 2.) Petitioner has now been re-detained when ICE officers several years after his initial release. (*Id.*) Petitioner's present re-detention was enacted without notice or an opportunity to be heard and was not predicated on any changed circumstances since Petitioner's release.

The Court's prior orders are dispositive on the issues raised in the Petition and Motion. *See Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CSD, 2025 WL 3124116 (E.D.

1

1   Cal. Nov. 7, 2025); *Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR, 2025 WL 3248059

2   (E.D. Cal. Nov. 19, 2025); *Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL

3   3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD,

4   2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Souza v. Robbins*, No. 1:25-cv-01597-DJC-

5   JDP, 2025 WL 3263897 (E.D. Cal. Nov. 23, 2025).  For the reasons stated in those

6   cases, Petitioner has established that he has a likelihood of success on the merits.

7   Petitioner has a clear liberty interest in his continued release.  *See Zadvydas v. Davis*,

8   533 U.S. 678, 690 (2001).  Applying the balancing test described in *Mathews v.*

9   *Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior

10  orders, the Court finds that Petitioner has a substantial private interest in maintaining

11  his out-of-custody status, the risk of erroneous deprivation here is considerable, and

12  Respondents' interest in detention is low as the effort and costs required to provide

13  Petitioner with procedural safeguards are minimal.  Respondents opposition only

14  raises arguments that the Court has previously rejected.  (*See* Opp'n (ECF No. 12) at 1-

15  2.)

16          Respondents requested that if the Court were inclined to grant the Motion they

17  go further and grant the Petition.  As this order affords all requested relief and grants

18  the sole count of the Petition the Court shall rule directly on the Petition as

19  Respondents suggest.  Accordingly IT IS HEREBY ORDERED that:

20          1.  Petitioner's Petition for Writ of Habeas Corpus is GRANTED.

21          2.  Respondents are ordered to immediately release Petitioner Merhawi

22              Fissehaye from their custody.  Respondents shall not impose any additional

23              restrictions on Petitioner, unless that is determined to be necessary at a

24              future pre-deprivation/custody hearing.

25          3.  Respondents are permanently ENJOINED AND RESTRAINED from re-

26              arresting or re-detaining Petitioner absent compliance with constitutional

27              protections, which include, at a minimum, pre-deprivation notice describing

28              the change of circumstances necessitating Petitioner's arrest and detention,

and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.

4. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **February 1, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE